# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3975SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the Untied |
| Appellee, | * | States District Court |
| | * | for the Southern District |
| v. | * | of Iowa. |
| | * | |
| Monica Ann White, | * | [Not to be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 3, 1999

Filed:  September 24, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

A grand jury indicted Monica White on one count of conspiracy to distribute and possess with intent to distribute cocaine base from November 12, 1994, through January 14, 1998, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession of cocaine base with intent to distribute on November 12, 1994, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of distribution of cocaine base on November 19, 1997, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to trial, the government filed notice under 21 U.S.C. § 851 that it would seek

enhanced penalties based on White's September 1992 and April 1995 Illinois felony convictions for possession of a controlled substance.

Six days before White's trial was to begin, the Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, received a letter from White stating that she was "unhappy" with her court-appointed attorney because she did not feel he was working in her best interest, and requesting that the Court appoint a different attorney to represent her. Judge Wolle denied White's request in a written order the next day, because White had not stated any reason for requesting substitute counsel other than personal preference. Noting that her case had previously been continued upon her request, and that her trial was five days away, Judge Wolle stated that he would not allow the substitution of counsel to delay the start of her trial.

On the day of trial, White renewed her request before the Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, stating that she did not feel she was receiving "proper representation." Judge Vietor inquired why she felt that way, to which she responded that she had rarely seen her attorney, and that she felt as if she did not have a defense strategy and her attorney was working more for the prosecution than for her. When Judge Vietor asked for "anything specific," she responded that she had no defense and no witnesses, had not had sufficient time to review her discovery, and did not feel comfortable with her attorney. Judge Vietor declined to disturb Judge Wolle's ruling. White's trial proceeded, and the jury found her guilty of all three counts.

The presentence investigation report noted that, because of her two prior drug felony convictions, a minimum term of life imprisonment was mandatory for the conspiracy conviction under 21 U.S.C. § 841(b)(1)(A). White objected, arguing that the enhancement should not apply because her April 1995 conviction--for possession of a controlled substance on November 12, 1994--was part of the instant conspiracy to distribute and possess with intent to distribute cocaine base from November 12, 1994,

-2-

through January 14, 1998.  Judge Vietor overruled White's objection, sentencing her to life imprisonment on the conspiracy count, and to concurrent 27-year (324-month) terms of imprisonment on the possession-with-intent and distribution counts.

On appeal, White renews her argument that the section 841(b)(1)(A) enhancement should not have been applied, and also argues that Judge Vietor failed to inquire adequately regarding her request for substitute court-appointed counsel.

Section 841(b)(1)(A) provides in relevant part, "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  This provision is part of a statute that provides an incremental approach to punishing defendants who repeatedly violate drug laws; its purpose is to target recidivism.  See United States v. Gray, 152 F.3d 816, 820-21 (8th Cir. 1998), cert. denied, 119 S. Ct. 1091 (1999).  In light of this purpose, if two or more prior drug felony convictions result from acts forming a single criminal episode, they are treated as a single conviction for sentencing purposes under Section 841(b)(1)(A).  See id. at 821.  An event that is part of a related series of events may nonetheless be a separate criminal episode if it is a separate, punctuated occurrence with a limited duration.  See id. at 822.

We have previously rejected the argument that a 1990 conviction for cocaine delivery could not support a Section 841(b)(1)(A) sentence enhancement for a methamphetamine-distribution conspiracy from 1992 through 1995 because they formed a single criminal episode.  See United States v. Millard, 139 F.3d 1200, 1209 (8th Cir.), cert. denied, 119 S. Ct. 376 (1998).  Unlike the instant case, however, the conspiracy period did not encompass the prior offense.

Three other circuits have considered a case involving a defendant whose sentence for a drug-trafficking conspiracy was enhanced under Section 841(b)(1)(A)

on the basis of a prior conviction for a drug-trafficking offense that fell within the time span of, and was related to, the conspiracy. See United States v. Hughes, 924 F.2d 1354 (6th Cir. 1991); United States v. Garcia, 32 F.3d 1017 (7th Cir. 1994); United States v. Hansley, 54 F.3d 709 (11th Cir.), cert. denied, 516 U.S. 999, 1014, 1017 (1995). Each rejected the argument White raises here, and we adopt their approaches because they are consistent with the established law of this circuit.

In Garcia, the defendant's sentence for a cocaine-distribution conspiracy spanning from 1990 through 1992 was enhanced on the basis of a 1991 cocaine-possession conviction. See 32 F.3d at 1018. Noting that the defendant had the opportunity to cease his criminal activity, but continued to participate actively for eighteen months after being convicted the first time, the Court rejected the argument that the possession conviction could not support the enhancement of the conspiracy sentence because they were part of the same overall conduct. See id. at 1019-20. In Hansley, the defendant's sentence for a crack-distribution conspiracy spanning from 1985 through 1991 was enhanced on the basis of a 1989 drug-possession conviction. See 54 F.3d at 712. Noting that the defendant continued to engage in the conspiracy for nearly twenty months after being convicted the first time, the Court rejected the argument that the possession conviction could not support the sentence enhancement because it was related to an overt act of the conspiracy. See id. at 716-17. In Hughes, the defendant's sentence for a cocaine-distribution conspiracy spanning from March 1 through December 6, 1988, was enhanced on the basis of a September 2, 1988, cocaine-possession conviction. See 924 F.2d at 1355-56. Noting that the conspiracy continued for nearly three months after the possession conviction, the Court concluded that they were separate criminal episodes and rejected the argument that the prior conviction could not support the sentence enhancement. See id. at 1358, 1361-62.

We conclude that White's April 1995 conviction for possession of a controlled substance on November 12, 1994, properly supported the Section 841(b)(1)(A) enhancement of her sentence for the conspiracy spanning from November 12, 1994,

through January 14, 1998. The possession conviction was part of a related series of events, but it was a separate criminal episode because it was a separate, punctuated occurrence with a limited duration. See Gray, 152 F.3d at 822; Hughes, 924 F.2d at 1361-62. Rather than seize the opportunity to cease her criminal activity when she was convicted of possession, White continued to be involved in the conspiracy nearly thirty-three months later. See Garcia, 32 F.3d at 1019-20; Hansley, 54 F.3d at 716-17.

Finally, we reject White's argument that Judge Vietor failed to inquire adequately regarding her request for substitute court-appointed counsel. When a defendant raises a "seemingly substantial" complaint about the performance of court-appointed counsel, the court is obligated to conduct on the record a thorough inquiry into the factual basis for the defendant's dissatisfaction. See United States v. Blum, 65 F.3d 1436, 1440 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996). Assuming that White's complaint was "seemingly substantial," we conclude that Judge Vietor conducted an adequate inquiry by questioning White on the record, and that Judge Vietor did not abuse his discretion in determining that White's last-minute request and conclusory responses did not entitle her to substitute counsel. See United States v. Webster, 84 F.3d 1056, 1062 & n.2 (8th Cir. 1996) (standard of review; last-minute requests for substitute counsel disfavored; adequate inquiry where court granted defendant leave to explain freely reasons for dissatisfaction before denying request); Blum, 65 F.3d at 1440 (adequate inquiry where defendant presented conclusory complaints and court listened to comments from defendant and prosecutor).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.