United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3141EM

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
John McFarland, also known as Buggy, *
                                    *
          Appellant.                *


_____                Appeals from the United States
                           District Court for the Eastern
No. 96-3278EM              District of Missouri.

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Darryl Warren, also known as Monk,  *
                                    *
          Appellant.                *

                  _____

        Submitted:  March 11, 1997
            Filed:   June 5, 1997

                  _____

Before FAGG, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

A jury convicted John McFarland and Darryl Warren of conspiring to distribute and to possess with intent to distribute cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994), and also found McFarland guilty of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) (1994). No purpose would be served by reciting at length the facts of this case. The testimony of police officers, postal inspectors, and unindicted coconspirators painted a picture of a five-year-long scheme, involving McFarland, Warren, and ten others, to transport large quantities of illegal drugs from California for distribution in and around St. Louis, Missouri. Warren appeals his conviction and McFarland appeals his convictions and sentence. We affirm.

Warren challenges the sufficiency of the evidence against him by contending the testimony of coconspirator witnesses who linked him to the conspiracy was unworthy of belief. Witness credibility is for the jury to decide, not for us. See United States v. Rogers, 91 F.3d 53, 57 (8th Cir. 1996). Warren also urges reversal because the evidence does not eliminate every possibility that Warren is innocent. To be sufficient, however, the evidence need not do so. See United States v. McMurray, 34 F.3d 1405, 1412 (8th Cir. 1994). As long as "there is an interpretation of the evidence that would permit a reasonable jury to find guilt beyond a reasonable doubt," the jury's verdict stands. United States v. Maza, 93 F.3d 1390, 1399 (8th Cir. 1996), cert. denied, 117 S. Ct. 1008 (1997). Where, as here, the evidence establishes the existence of a conspiracy, only slight evidence connecting Warren to the conspiracy is enough to sustain his conviction. See id.

The Government introduced far more than slight evidence against Warren. Besides coconspirator testimony linking Warren to McFarland's drug business in 1994

and 1995, the jury heard about a 1990 police stop of Warren, McFarland, and a third person in a vehicle containing a kilogram of cocaine.  Questioned separately, the three told police conflicting stories about where they had been and with whom they had stayed.  The jury also learned about the substantial and unexplained gap between Warren's spending and his reported income.  Further, when police searched Warren's bedroom they found $9,000 in cash, along with a drug ledger similar to one of McFarland's, a photograph of Warren and a coconspirator, the California address of another coconspirator, and California addresses and phone numbers for McFarland.  Viewing this evidence in the light most favorable to the verdict, see Rogers, 91 F.3d at 57, we conclude it amply supports Warren's conviction.

We turn now to McFarland's appeal.  McFarland first contends the district court wrongly denied his motion to suppress evidence gathered during warrantless searches of his residence and a storage locker rented in his name.  At the time these searches were carried out, McFarland was on parole from a California prison, subject to this condition: "You and your residence and any property under your control may be searched without a warrant at any time by any agent of the Department of Corrections or any law enforcement officer."  McFarland's parole officer, Linda Arizaga, authorized both searches and was present for the locker search, but police officers alone carried out the residential search.  McFarland argues that Arizaga was helping police dodge the warrant requirement instead of pursuing her own parole-related purposes.  See United States v. Harper, 928 F.2d 894, 897 (9th Cir. 1991).  We agree that a parole search is unlawful when it is nothing more than a ruse for a police investigation.  See id.; United States v. Martin, 25 F.3d 293, 296 (6th Cir. 1994) (probation search); United States v. Coleman, 22 F.3d 126, 129 (7th Cir. 1994); Shea v. Smith, 966 F.2d 127, 132 (3d Cir. 1992); United States v. Cardona, 903 F.2d 60, 65 (1st Cir. 1990).  Parole and police officers may work together, however, provided the parole officer is pursuing parole-related objectives and is not merely a "stalking horse" for the police.  See Harper, 928 F.2d at  897.

In this case, the district court found Arizaga authorized the police to carry out the challenged searches to determine if McFarland was violating his parole. This factual finding is not clearly erroneous. See United States v. Richardson, 849 F.2d 439, 441 (9th Cir. 1988). Arizaga was already concerned McFarland was violating a condition of his parole before the police contacted her seeking permission to search McFarland's residence. Arizaga then consulted with her supervisor before giving the police the go-ahead. When the police later asked for authorization to search McFarland's storage locker, Arizaga insisted on being present for the search. These circumstances support the district court's finding that Arizaga authorized the searches for parole, not police, purposes, and so the district court properly denied McFarland's motion to suppress. As a separate matter, although the police-only parole search of McFarland's residence was proper under California law, see Cal. Penal Code § 3052 (West 1997); Cal. Code Regs. tit. 15, § 2511(b)(4); People v. Burgener, 714 P.2d 1251, 1271 (Cal. 1986), McFarland has not asked us to decide whether California's parole-search law satisfies the Fourth Amendment's reasonableness requirement, see Griffin v. Wisconsin, 483 U.S. 868, 872-73 (1987) (holding probation search lawful because search conformed to state law itself reasonable for Fourth Amendment purposes). We leave this unbriefed constitutional question for another day.

McFarland's remaining claims merit little discussion. McFarland waived his right to assert a Speedy Trial Act violation by failing to move for dismissal before trial. See 18 U.S.C. § 3162(a)(2) (1994); United States v. Kime, 99 F.3d 870, 881 (8th Cir. 1996), cert. denied, 117 S. Ct. 1015 (1997). Only a little over seven months elapsed between McFarland's indictment and trial, too brief a delay to trigger review of his Sixth Amendment speedy trial claim. See Doggett v. United States, 505 U.S. 647, 651-52 & n.1 (1992). McFarland's contention that the evidence was insufficient to convict him on the drug conspiracy count is without merit. The jury could also reasonably find that the testimony of Linda Jackson, one of McFarland's coconspirators, established the elements of a Travel Act violation by McFarland beyond a reasonable doubt. See 18 U.S.C. § 1952(a)(3); United States v. Brown, 956 F.2d 782, 785 (8th Cir. 1992).

As for McFarland's sentence, the district court properly relied on trial testimony to establish the drug quantities attributable to McFarland for sentencing purposes.  See United States v. Delpit, 94 F.3d 1134, 1154 (8th Cir. 1996).  Actually, McFarland failed to object specifically to any of the drug-quantity calculations contained in his presentence report (PSR), and so the district court could have relied directly on the PSR.  See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam). Finally, McFarland's challenge to the four-level increase of his offense level for organizing or leading a criminal activity involving five or more participants is without merit.

We affirm Warren's conviction and McFarland's convictions and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.