UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

LINWOOD LEE RUFFIN, a/k/a Lenny,
　　　　　*Defendant-Appellant.*

No. 99-4830

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-99-24-A)

Submitted: November 20, 2000

Decided: August 1, 2001

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mark J. Rochon, Jr., ROCHON & ROBERTS, Washington, D.C., for Appellant. Helen F. Fahey, United States Attorney, Sonya Sacks, Special Assistant United States Attorney, Alessandra DeBlasio, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Linwood Lee Ruffin appeals his conviction and sentence for one count of conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Ruffin contends: (1) he was denied due process as a result of the district court asking questions to Government witnesses; (2) the evidence was insufficient to sustain the conviction; (3) the district court erred in its response to a note from the jury; and (4) the district court erred by making for sentencing purposes certain factual findings by a preponderance of the evidence. We affirm the conviction and sentence.

Ruffin contends the district court erred by questioning government witnesses. According to Ruffin, the court's questioning rehabilitated impeached government witnesses, elicited damaging testimony, and provided a significant part of direct examination. Rule 614(b) of the Federal Rules of Evidence permits a district court to interrogate witnesses. A court's conduct in questioning witnesses is reviewed for abuse of discretion. *See United States v. Seeright*, 978 F.2d 842, 846-47 (4th Cir. 1992). A district court may question witnesses in order to "bring out needed facts or clarify the presentation of issues." *Id.* (citing *Glasser v. United States*, 315 U.S. 60, 82 (1942)). However, the court should not give the appearance of partiality, nor impose its views on the jury, and should not undermine the legitimate efforts of any of the parties to present their case. *See United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997). A new trial is required only if the court's conduct "whether in commenting or in interrogating witnesses during trial reaches such a level of prejudice that it denied any or all the appellants a fair, as distinguished from a perfect, trial." *United States v. Parodi*, 703 F.2d 768, 776 (4th Cir. 1983) (internal quotation marks omitted). We find the court did not abuse its discretion by interrogating witnesses. The court was developing and clarifying facts. Furthermore, this court presumes the jury followed the court's instruction not to assume the court had an opinion regarding the case. *See United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994). The court's interrogation did not rehabilitate impeached witnesses, elicit damaging testimony, or provide a significant portion of the direct examination.

Ruffin contends the evidence did not establish a conspiracy, but only a collection of buyer-seller relationships. In addition, Ruffin contends that if the court were to find the evidence did establish a conspiracy, it was a series of independent conspiracies and not the conspiracy alleged in the indictment. Ruffin moved for a directed judgment on the issue of the insufficiency of the evidence. When a motion for a directed judgment is based on the claim that the evidence was insufficient, this court reviews the denial under the sufficiency of the evidence standard. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). A jury verdict must be upheld if there exists substantial evidence to support it, viewing the evidence in the light most favorable to the government. *See Glasser*, 315 U.S. at 80. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The evidence does not need to eliminate every possibility of innocence. *See United States v. McFarland*, 116 F.3d 316, 317 (8th Cir. 1997). We find there was substantial evidence that Ruffin was engaged in a conspiracy to distribute crack cocaine in the Del Ray area with those persons for whom he provided drugs. "[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." *United States v. Mills*, 995 F.2d 480, 485 n.1 (4th Cir. 1993). We further find the evidence established a single conspiracy with "the same objective, [ ] the same goal, the same nature, the same geographic spread, the same results, and the same product." *United States v. Crockett*, 813 F.2d 1310, 1317 (4th Cir. 1987).

During the course of deliberations, the jury requested clarification regarding the difference between a single conspiracy as charged in the indictment and separate, independent conspiracies. The district court responded by reiterating and expanding upon its initial jury charge. "In examining a district court's response to a jury's request for clarification on a charge, the inquiry is whether the court addressed the jury's inquiry fairly and accurately without creating prejudice." *United States v. Martinez*, 136 F.3d 972, 977 (4th Cir. 1998). We find the court's supplemental instructions were an accurate and fair statement of the law.

At sentencing, the district court determined by a preponderance of the evidence that Ruffin was responsible for in excess of 1.5 kilograms of crack cocaine. Accordingly, Ruffin was sentenced pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 1999), which authorizes a maximum sentence of life imprisonment. In addition, the court enhanced Ruffin's offense level three levels for being a leader or organizer of a conspiracy with five or more people. Ruffin was sentenced to 324 months' imprisonment and five years supervised release. Ruffin contends the court erred by not submitting the drug amount or his role in the offense to a jury.

While this appeal was pending, the Supreme Court, in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), held as a principle of constitutional law that, except for "the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In the instant appeal, the indictment charged Ruffin with conspiring to distribute and possess with intent to distribute fifty grams or more of cocaine base. However, drug quantity was not submitted to the jury as an element of the offense. In *United States v. Promise*, ___ F.3d ___, 2001 WL 732389, at *5 (4th Cir. June 29, 2001) (en banc), we held that:

> in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt.

In *Promise*, we found that to base a sentence on a drug quantity not charged in the indictment and not found by a jury beyond a reasonable doubt was plain error.

The plain error analysis is appropriate in this appeal because Ruffin did not raise this issue before the district court. Under the plain error standard, in order to vacate the sentence, Ruffin must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these conditions are met, we may exercise our discretion to notice the error

only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Because Ruffin's sentence is above the statutory maximum under 21 U.S.C.A. § 841(b)(1)(C) and drug quantity was not submitted to a jury, we find plain error. Because the evidence was overwhelming, and Ruffin had notice in the indictment that the government intended to hold him accountable for at least fifty grams of cocaine base, and he conceded at sentencing that 150 to 500 grams of cocaine base was a reasonable amount to be held accountable for, we find his substantial rights were not violated.* *See United States v. Stewart*, ___ F.3d ___, 2001 WL 760262, at *17 (4th Cir. July 6, 2001); *Promise*, 2001 WL 732389, at **8-10.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*With regard to Ruffin's role in the offense, the district court's finding in this instance did not increase the statutory maximum sentence. Thus, there was no error under *Apprendi*.