**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Damien Tremont RUSS, Defendant–**
**Appellant.**

**No. 01–3018.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Damien Tremont Russ appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, a jury convicted Russ of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Russ to 120 months of imprisonment and eight years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Russ's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that: 1) the district court improperly denied Russ's motion to suppress evidence; and 2) Russ's rights under the Speedy Trial Act were violated. Russ has filed a response to his counsel's motion to withdraw, in which he argues that: 3) his trial counsel rendered ineffective assistance by failing to present evidence that Russ was the tenant of the residence where illegal contraband was seized; 4) the indictment was defective because it failed to allege that his conduct affected interstate commerce; and 5) his case was improperly referred for federal prosecution. Russ also reiterates his counsel's argument that the district court improperly denied his motion to suppress.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Upon review, we conclude that the district court properly denied Russ's motion to suppress. This court reviews for clear error a district court's factual findings underlying its denial of a motion to suppress, *United States v. Harris*, 255 F.3d 288, 291 (6th Cir.2001), and reviews de novo the court's final determination as to the reasonableness of a search. *Id.* When reviewing the district court's denial of a motion to suppress, this court considers the evidence in the light most favorable to the government. *Id.* at 292.

Russ argues that a search of his residence violated his Fourth Amendment rights. Russ was on probation from an Ohio state court drug conviction at the time of the search. A state may provide by law for searches of parolees and their property, including their homes, on less than probable cause. *Griffin v. Wisconsin*, 483 U.S. 868, 873, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). In the context of the special needs of the parole system, the presence of a reasonable regulatory scheme can make a search upon less than probable cause "reasonable" for purposes of the Fourth Amendment. *United States v. Payne*, 181 F.3d 781, 787 (6th Cir.1999). Under Ohio Rev.Code § 2951.02(C)(2), a probation officer may search, with or without a warrant, the residence of the offender, if the officer has reasonable grounds to believe that the offender is not abiding by the law. At a minimum, a search must meet the federal standard of reasonable suspicion, which in this case is equivalent to the state-law standard. *Payne*, 181 F.3d at 788. Reasonable suspicion is based on the totality of the circumstances and requires articulable reasons and a particularized and objective basis for suspecting the particular person of criminal activity. *Id.*

■ Reasonable suspicion existed to support the search of Russ's residence. Russ's probation officer testified that, since Russ lived in a high-crime area, the officer frequently visited the area and had observed known crack users visiting Russ's residence. The officer also learned from a confidential informant that the informant had purchased cocaine from Russ at his residence the previous weekend. Several probation officers and other law enforcement personnel subsequently searched Russ's residence and discovered 34.4 grams of cocaine base, a large amount of cash, and a digital scale. In light of Russ's drug conviction, the frequenting of his residence by known drug users, and the tip of the confidential informant, the probation officer was able to articulate a particularized and objective basis for suspecting that Russ was engaging in criminal activity.

Russ argues that the probation officer served as a "stalking horse" for members of a local drug task force, who participated in the search of Russ's residence. Russ asserts that the probation officer used his ability to conduct a warrantless search to gather evidence for the drug task force which it, lacking probable cause, could not obtain. Searches conducted by parole officers who behave as a "stalking horse" for police are unlawful. *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir.2000); *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir.1997); *United States v. Ooley*, 116 F.3d 370, 372 (9th Cir.1997); *United States v. McCarty*, 82 F.3d 943, 947 (10th Cir.1996). However, parole and police officers may work together provided that the parole officer is pursuing parole-related objectives. *McFarland*, 116 F.3d at 318. Since no evidence exists in the record that the probation officer was acting either at the direction of the police or attempting to help the police evade the Fourth Amendment warrant requirement, Russ's argument is without merit. *United States v. Martin*, 25 F.3d 293, 296 (6th Cir.1994).

Russ has waived his claim under the Speedy Trial Act. A defendant's failure to move for dismissal on this issue prior to trial constitutes a waiver of the claim. 18 U.S.C. § 3162(a)(2); *United States v. White,* 985 F.2d 271, 275 (6th Cir.1993). Russ never made a speedy trial motion prior to his trial in this case.

Russ's ineffective assistance of counsel claim is not reviewable in this appeal. Russ argues that his trial counsel should have presented certain evidence in connection with his motion to suppress. However, ineffective assistance of counsel claims generally are not cognizable on direct appeal because of the lack of an adequate factual record. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow,* 48 F.3d 198, 199 (6th Cir. 1995). Instead, these claims are more properly brought in a motion to vacate under 28 U.S.C. § 2255 after the parties have the opportunity to develop fully the record on the issue. *Rahal,* 191 F.3d at 645. Since an adequate factual record does not exist in this case, Russ's ineffective assistance claim is not reviewable at this time.

Russ next argues that the government failed to show specifically that his drug trafficking affected interstate commerce. However, it is well settled that trafficking in illegal drugs always implicates interstate commerce. *Gilbert v. United States,* 165 F.3d 470, 474 (6th Cir. 1999); *United States v. Tucker,* 90 F.3d 1135, 1140 (6th Cir.1996).

Lastly, Russ argues that his case was improperly referred for federal prosecution. However, a defendant's due process rights are not violated when state authorities refer his case to federal authorities for prosecution as long as the prosecutors are not acting as rubber stamps and exert their own discretion in deciding whether or not to prosecute. *United States v. Davis,* 15 F.3d 526, 530 (6th Cir.1994); *United States v. Allen,* 954 F.2d 1160, 1166 (6th Cir.1992). Since the record contains no evidence that federal prosecutors failed to use their discretion in deciding to prosecute, this court will not assume that they were acting as "rubber stamps." *Davis,* 15 F.3d at 530.

Additionally, we have examined the record and conclude that no reversible error is apparent.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.