# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

Nos. 04-3357/3358

————————

United States of America,    *
                             *
    Appellee/Cross-Appellant, *
                             *    Appeals from the United States
    v.                       *    District Court for the
                             *    District of Nebraska.
Francisco Lozano,            *
                             *        [PUBLISHED]
    Appellant/Cross-Appellee. *

————————

Submitted: March 15, 2005
    Filed: June 29, 2005 (corrected 7/13/05)

————————

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

————————

HANSEN, Circuit Judge.

Francisco Lozano was charged with a drug conspiracy in the United States District Court for the Northern District of Iowa. After a series of events detailed below, he was charged with a drug conspiracy and two counts of drug distribution in the United States District Court for the District of Nebraska, and the indictment in the Northern District of Iowa was dismissed on the government's motion. Pursuant to a negotiated plea agreement, Lozano pleaded guilty to the two Nebraska distribution charges, and the Nebraska conspiracy charge was dismissed. The district court sentenced him to 116 months in prison and five years of supervised release.

Lozano appeals his convictions and sentence. The government cross-appeals his sentence. For the reasons discussed below, we affirm Lozano's convictions, but we vacate his sentence and remand the case to the district court for resentencing.

I.

A grand jury in the Northern District of Iowa returned an indictment on July 17, 2001, charging Lozano with conspiring to distribute 500 grams or more of methamphetamine mixture from 1999 through February 20, 2001. On April 25, 2002, the grand jury returned a superseding indictment charging him with conspiring to distribute a pound of methamphetamine mixture containing 50 grams or more of pure methamphetamine from February 2000 through February 20, 2001.

Lozano pleaded guilty to the superseding indictment on May 7, 2002. The district court deferred acceptance of his guilty plea pending its review of the presentence report (PSR). Before sentencing, Lozano moved to withdraw his guilty plea. The district court denied his motion. On August 26, 2002, the district court sentenced Lozano to 160 months in prison and five years of supervised release.

Lozano appealed the district court's denial of his motion to withdraw his guilty plea, and this court reversed. Because the amended version of Federal Rule of Criminal Procedure 11(d) had gone into effect, allowing a defendant to withdraw his guilty plea "for any reason or no reason" before the district court formally accepted his plea, this court concluded that the district court should not have required Lozano to show a "fair and just reason" to withdraw his plea. See United States v. Lozano, 63 Fed. Appx. 962, 963 (8th Cir. 2003) (unpublished).

After remand, Lozano moved to dismiss the indictment on October 14, 2003, alleging a speedy trial violation. The district court had taken no action on this motion by October 24, 2003, when the government moved to dismiss the indictment, noting

that Lozano had just been indicted in the District of Nebraska for related conduct. On October 28, 2003, the district court granted the government's motion.

On October 23, 2003, a grand jury in the District of Nebraska had returned an indictment charging Lozano with three crimes. First, he was charged with the same offense he had been charged with in the Northern District of Iowa: conspiring to distribute a pound of methamphetamine mixture containing 50 grams or more of pure methamphetamine from February 2000 through February 20, 2001. Second, he was charged with distributing 50 grams or more of methamphetamine mixture on February 15, 2001. Third, he was charged with distributing 50 grams or more of methamphetamine mixture on February 20, 2001.

On February 11, 2004, Lozano moved to dismiss the indictment, alleging a speedy trial violation. The district court denied his motion. Lozano pleaded guilty on May 28, 2004, to the two distribution charges. In the written plea agreement, the parties stipulated that he would be held responsible for 50-150 grams of actual methamphetamine, his base offense level would be 32, and he would receive a three-level reduction for acceptance of responsibility. The government agreed to dismiss the conspiracy charge. In the plea agreement, Lozano reserved the right to raise speedy trial issues on appeal.

Prior to sentencing, Lozano filed a motion arguing that the United States Sentencing Guidelines were unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). At sentencing, the district court refused to declare the Guidelines unconstitutional in their entirety, but the court did conclude that Blakely applied to the Guidelines and precluded the two-level enhancement for obstruction of justice recommended by the PSR because it was based on facts beyond those Lozano had admitted. The effect of this ruling was to reduce his Guidelines imprisonment range to 121-151 months rather than the 151-188 months recommended by the PSR. The district court granted Lozano a five-month downward departure to reflect time served

from February 20 through July 17, 2001, and sentenced him to 116 months in prison and five years of supervised release.

Lozano appeals, arguing that the district court erred by denying his motion to dismiss the indictment for a speedy trial violation and by failing to declare the Guidelines unconstitutional as a whole in light of <u>Blakely</u>. The government cross-appeals, arguing that Lozano should have received an enhancement for obstruction of justice. We address each matter in turn.

## II.

Lozano first argues that the Speedy Trial Act was violated. The speedy trial clock was reset to 70 days and began running anew when the United States District Court for the Northern District of Iowa received this court's mandate from Lozano's prior appeal. <u>See</u> 18 U.S.C. § 3161(e). Our focus is on what happened subsequently.

Lozano is correct that the Speedy Trial Act prevents the government from continuously resetting the speedy trial clock by dismissing and refiling indictments against the same defendant for the same offense. The defendant is protected by "the rule that when an indictment . . . is dismissed at the motion of the government and a second charge is filed for the same offense, the time between the dismissal and the second charge is excluded but not the time before the dismissal." <u>United States v. Long</u>, 900 F.2d 1270, 1274 n.2 (8th Cir. 1990) (emphasis omitted) (citing 18 U.S.C. § 3161(h)(6)). Section 3161(h)(6) excludes the following time from the 70-day period:

> If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant *for the same offense, or any offense required to be joined with that offense*, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h)(6) (emphasis added).

Because one of the charges brought against Lozano in the District of Nebraska was the same as the charge brought against him in the Northern District of Iowa--conspiring to distribute a pound of methamphetamine mixture containing 50 grams or more of pure methamphetamine from February 2000 through February 20, 2001--the speedy trial clock that began running in Iowa continued running in Nebraska as to the conspiracy charge. Lozano was not convicted of the conspiracy charge, however; it was dismissed pursuant to his plea agreement when he pleaded guilty to the two distribution charges. Given that the remedy for a Speedy Trial Act violation is dismissal of the charge in question, and the conspiracy charge has already been dismissed, Lozano cannot demonstrate prejudice and has no viable claim.

Turning to the distribution charges, it is clear that they are not the "same offense" as the conspiracy charge within the meaning of § 3161(h)(6). For Speedy Trial Act purposes, the substantive offense of drug distribution is different from the inchoate offense of conspiring to distribute drugs. See United States v. Brown, 183 F.3d 1306, 1314-15 (11th Cir.), cert. denied, 528 U.S. 1066 (1999). It does not matter if the offenses arise from the same underlying facts; it matters only that they require proof of different elements. See id. It is also clear that the distribution charges are not "offense[s] required to be joined with" the conspiracy charge within the meaning of § 3161(h)(6). See United States v. Rein, 848 F.2d 777, 780 (7th Cir. 1988).

Thus, because the conspiracy charge was dismissed and Lozano was convicted only of the distribution charges, and the 70-day speedy trial clock for the distribution charges ran for no more than 49 non-excludable days, we conclude that Lozano is entitled to no relief under the Speedy Trial Act.

Next, Lozano argues that even if his statutory right to a speedy trial was not violated, his constitutional right to a speedy trial was violated. Again, we look only

to the charges for which he was actually convicted, not the dismissed charges. The period between Lozano's indictment and guilty plea in the District of Nebraska was slightly less than seven months. We have previously held that "a little over seven months" was "too brief a delay to trigger review of [a defendant's] Sixth Amendment speedy trial claim." United States v. McFarland, 116 F.3d 316, 318 (8th Cir.) (citing Doggett v. United States, 505 U.S. 647, 651-52 & n.1 (1992)), cert. denied, 522 U.S. 961 (1997). Thus, given the shorter delay in the case at bar, we conclude that Lozano is entitled to no relief under the Speedy Trial Clause of the Sixth Amendment.

III.

Both Lozano and the government raise Blakely-based challenges to the sentence imposed by the district court. The United States Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), after briefing was completed, and that decision makes clear that both parties are entitled to resentencing because the district court applied an incorrect remedy. The remedy applied by the district court was to treat the Guidelines as mandatory but limit its consideration to the facts admitted by the defendant; the remedy prescribed by Booker is to treat the Guidelines as advisory and not be limited to the facts admitted by the defendant.[1] Accordingly, we remand for resentencing under Booker's remedy.

---

[1] See id. at 769 ("In respondent Fanfan's case, the District Court held Blakely applicable to the Guidelines. It then imposed a sentence that was authorized by the jury's verdict--a sentence lower than the sentence authorized by the Guidelines as written. Thus, Fanfan's sentence does not violate the Sixth Amendment. Nonetheless, the Government (and the defendant should he so choose) may seek resentencing under the system set forth in today's opinions. Hence we vacate the judgment of the District Court and remand the case for further proceedings consistent with this opinion.").

## IV.

Accordingly, we affirm Lozano's convictions, but we vacate his sentence and remand this case to the district court for resentencing consistent with <u>Booker</u>.

_____