# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4076

_____

United States of America,

      Appellee,

    v.

Francisco Lozano,

      Appellant.

 

      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*

_____

No. 05-4355

_____

Appeals from the United States
District Court for the
District of Nebraska.

United States of America,

      Appellant,

    v.

Francisco Lozano,

      Appellee.

 

      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*

_____

Submitted: February 15, 2007
Filed: May 25, 2007 (Corrected: 06/11/2007)

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

This is Francisco Lozano's third appeal to this court. See United States v. Lozano, 63 Fed. Appx. 962 (8th Cir. 2003) (unpublished per curiam); United States v. Lozano, 413 F.3d 879 (8th Cir. 2005). After the series of events detailed below, Lozano pled guilty to two counts of distributing methamphetamine, violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Following our most recent remand, the district court[1] sentenced him to two concurrent 103-month prison terms, followed by two concurrent five-year terms of supervised release, and ordered him to pay a $200 special assessment. Lozano appeals from this sentence, arguing that he should have received a lesser sentence based on his role in the offense and that he should have received credit for the time he served in state custody for another offense. We affirm.[2]

## I.

In July 2001, a grand jury in the United States District Court for the Northern District of Iowa returned an indictment charging Lozano with conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. The charge stemmed from a sting operation during which Lozano, serving as a delivery agent for Jose Campos, twice delivered packages of methamphetamine to undercover agents who had arranged with Campos for both purchases. Lozano initially pled guilty to the charge, but moved to withdraw his plea prior to sentencing. After denying his motion, the district court sentenced him to 160 months' imprisonment and five years of supervised release. In

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

[2]The government initially filed a cross-appeal (No. 05-4355), but later withdrew it.

Lozano's ensuing appeal, we ruled that he should have been allowed to withdraw his guilty plea and remanded the case for further proceedings.  Lozano, 63 Fed. Appx. at 963.  After the remand, another grand jury, this time in the United States District Court for the District of Nebraska, returned an indictment charging Lozano with one count of conspiring to distribute methamphetamine and two counts of distributing methamphetamine, violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  The indictment in the Northern District of Iowa was thereafter dismissed pursuant to the government's motion.  Lozano pled guilty to the two distribution charges in the District of Nebraska and the conspiracy charge was dismissed.  He was sentenced to two concurrent 116-month prison terms, followed by two concurrent five-year terms of supervised release, and ordered to pay a $200 special assessment.  On appeal, we affirmed Lozano's convictions, but vacated his sentence and remanded the case to the district court for resentencing.  Lozano, 413 F.3d at 883.

Lozano's revised presentence investigation report gave him a base offense level of 32 and criminal history category of III.  It also applied a two-level enhancement for obstruction of justice and a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 31.  The obstruction of justice enhancement was recommended because Lozano had escaped from the Dakota County Jail in Dakota City, Nebraska on July 17, 2001, while being detained on the instant offense.  He was rearrested that same day and sentenced on a state escape charge on April 2, 2002.  He was released from state custody on July 11, 2004.

At resentencing, the district court addressed the applicability of the obstruction of justice enhancement.  The district court opined that the imposition of the obstruction of justice enhancement would entitle Lozano to credit under U.S.S.G. § 5G1.3 for the time he served in state custody for the escape offense and, conversely, that Lozano would not be entitled to such credit if the obstruction of justice enhancement was not imposed.  The district court declined to impose an obstruction of justice enhancement or give Lozano credit for the time he served in state custody

for the escape offense. Lozano's total offense level was therefore determined to be 29, which resulted in a Guidelines range of 108 to 135 months.

Lozano argued at resentencing that he should receive a sentence below the Guidelines range based on his minimal involvement in the offense. He asserted that he was merely a courier for Campos, who was the more culpable principal dealer. The district court declined to impose a below-range sentence, but did give Lozano credit for the five months he spent in custody prior to his escape and then imposed the sentence described above.

## II.

Lozano contends that he should have received credit for the time he served in state custody for the escape offense. He also asserts that the district court should have imposed a lower sentence based on his minimal role in the offense. "'We review a district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error.'" United States v. Alfonso, 479 F.3d 570, 572 (8th Cir. 2007) (quoting United States v. Durham, 470 F.3d 727, 734 (8th Cir. 2006)). "We review the reasonableness of a defendant's sentence for abuse of discretion." United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007).

Under U.S.S.G. § 5G1.3(b), a defendant may receive credit for time served on a separate term of imprisonment if several conditions are met. One of these conditions is that the offense for which that term of imprisonment was imposed must have been "the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments) . . . ." U.S.S.G. § 5G1.3(b) (2006). Here, Lozano is attempting to receive credit for time he served for his escape offense. This offense was not factored into his criminal history calculation and, as recounted above, did not result in the imposition of an obstruction of justice enhancement. Nor was it the basis for any other increases in his offense level.

-4-

Accordingly, the district court did not err in refusing to award Lozano credit for the time he served on the state escape offense. See United States v. Hurley, 439 F.3d 955, 957 (8th Cir. 2006) (concluding that the defendant could not receive credit for time served on a related state charge because it was not the basis for an increase in his offense level).

Lozano's contention that he should have received a lesser sentence because of his minimal role in the offense is also unpersuasive. The district court rejected this argument at sentencing and, after taking into account the sentencing factors enumerated in 18 U.S.C. § 3553(a), concluded that a sentence of 103 months was appropriate. We agree with the district court's analysis and conclude that the sentence is not unreasonable.

The judgment is affirmed.

_____