# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3495

_____

United States of America,          *
                                      *

          Plaintiff – Appellee,     *

                                      *   Appeal from the United States

       v.                        *   District Court for the

                                      *   Eastern District of Arkansas.

Michael Glenn Turpin,       *

                                      *   [UNPUBLISHED]

          Defendant – Appellant.   *

_____

Submitted: October 19, 2009
Filed:  October 26, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

In this direct appeal of his sentence for possession of child pornography, Michael Glenn Turpin argues the district court[1] improperly denied him sentencing credit for time he served under a state court conviction.  We affirm.

Mr. Turpin was convicted in an Arkansas state court of possession of methamphetamine and drug paraphernalia.  After his arrest for that offense, his landlord cleaned out his apartment and found compact discs containing material

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

involving the sexual exploitation of a minor, which discovery led to Mr. Turpin's conviction and sentence in federal court under 18 U.S.C. § 2252(b)(4)(B). Mr. Turpin's federal sentence was enhanced by two levels under U.S. Sentencing Guidelines Manual § 2G2.2(b)(6) because his offense involved the use of a computer. Mr. Turpin claims to have found and copied the material he was convicted of possessing while working on a computer in exchange for methamphetamine. He therefore argues his Arkansas methamphetamine offense was relevant conduct under U.S.S.G. § 5G1.3(b) and U.S.S.G. § 5K2.23 and the district court should have issued him a sentence credit for the time he served for the state court conviction. Mr. Turpin asks this Court to issue him a sentence credit directly or, in the alternative, remand the case to the district court with instructions to consider his claims under the guidelines.

"We review a district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error." United States v. Lozano, 486 F.3d 446, 448 (8th Cir. 2007) (quoting United States v. Alfonso, 479 F.3d 570, 572 (8th Cir. 2007)). A sentence credit is issued under § 5G1.3(b) for an undischarged term of imprisonment for an offense

> that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)[.]

Mr. Turpin was not eligible for a sentence credit under § 5G1.3(b) because the conduct for which he was incarcerated was not used to increase his offense level for the purposes of his federal sentence. Mr. Turpin served time for possession of methamphetamine and drug paraphernalia. His offense level was increased because he used a computer to commit a federal child pornography offense. His conviction for possession of methamphetamine and drug paraphernalia did not involve the use

of a computer. The district court correctly determined the conduct for which Mr. Turpin served his prison term does not meet the requirements of § 5G1.3.[2]

We affirm.

_____

---

[2]Mr. Turpin also argues that the district court should have applied § 5K2.23 to reduce his sentence. However, § 5K2.23 only applies where the terms of § 5G1.3 are met.