# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3030

_____

United States of America,      *
    *
        Appellee,      *
    *  Appeal from the United States
    v.      *  District Court for the
    *  Southern District of Iowa.
Danny Ray Liles,      *
    *  [UNPUBLISHED]
        Appellant.      *

_____

Submitted: March 16, 2010
Filed: March 24, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Danny Liles guilty of attempting to manufacture in excess of 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and 18 U.S.C. § 2. The district court[1] entered judgment in accordance with the verdict and sentenced Liles, as a career offender, see U.S.S.G. § 4B1.1(b), to 240 months in prison and eight years of supervised release. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the reasonableness of the sentence.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

In addition, Liles has filed a pro se supplemental brief. For the reasons that follow, we affirm.

The evidence at trial showed in part that Liles and Leonard Shuffler were arrested on September 3, 2008, shortly after Liles drove his vehicle into a park in Shenandoah, Iowa. Liles was taken into custody on a license matter, and a search of his vehicle resulted in the discovery of white powder, stripped lithium batteries, jars and other containers, a spoon, Coleman fuel, muriatic acid, coffee filters, pieces of aluminum foil, and a bicycle tire inner tube, which, according to Shuffler, Liles had planned to use to get anhydrous ammonia from a nearby tank. The white powder was later found to contain 24 grams of pseudoephedrine hydrochloride, enough to give rise to a theoretical yield of 22 grams of methamphetamine. Law enforcement officials testified that, at the time of Liles's arrest, he admitted that he had bought some "pseudo pills" and that he and Shuffler were on their way to find a place to cook methamphetamine. In addition, Shuffler made similar admissions and consented to a search of his residence, which resulted in the seizure of more items used in the manufacture of methamphetamine, as well as a jar of "sludge," a methamphetamine-manufacturing byproduct, which weighed 78.6 grams and contained methamphetamine.

We conclude that this evidence was sufficient to support the jury's finding beyond a reasonable doubt that Liles intentionally engaged in conduct constituting a substantial step toward the production of methamphetamine. See United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009) (denial of motion for judgment of acquittal is reviewed de novo, and evidence is viewed in light most favorable to verdict, giving verdict benefit of all reasonable inferences), cert. denied, 2010 WL 373675 (U.S. Mar. 8, 2010) (No. 09-1454); United States v. Beltz, 385 F.3d 1158, 1163 (8th Cir. 2004) (in order to prove attempt to manufacture methamphetamine, government was required to demonstrate that defendant intentionally engaged in conduct constituting substantial step toward production of methamphetamine); see

also United States v. Kuenstler, 325 F.3d 1015, 1023 (8th Cir. 2003) (defining phrase "mixture or substance containing a detectable amount of methamphetamine").

We also conclude that the sentence of 240 months in prison imposed by the district court, which constituted a significant downward variance from the applicable 360-months-to-life Guidelines range, was not unreasonable in light of the 18 U.S.C. § 3553(a) factors. See United States v. Wadena, 470 F.3d 735, 737 (8th Cir. 2006) (appellate court reviews sentence, including any downward variance, for reasonableness under abuse-of-discretion standard).

As to Liles's pro se arguments, we note that he waived his speedy-trial claim by failing to move below for dismissal on this basis, and in any event there was no violation of the Speedy Trial Act. See United States v. McFarland, 116 F.3d 316, 318 (8th Cir. 1997) (holding that defendant waived his right to assert Speedy Trial Act violation by failing to move for dismissal before trial, and that delay of seven months between indictment and trial was too brief to trigger Sixth Amendment review); see also 18 U.S.C. § 3161(c)(1) (general rule is that defendant's trial must commence within 70 days after latest of filing of information or indictment or defendant's initial appearance on charge), (h)(1)(D) (periods of delay to be excluded). In addition, Liles did not establish any error, much less plain error, with regard to his unspecific arguments about an illegal search, a jury question, or a double-jeopardy violation. See United States v. Starfield, 563 F.3d 673, 674 (8th Cir. 2009) (argument raised for first time on appeal subject to plain error review).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____