**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**David GARCIA, Defendant–Appellant.**

**No. 94–1146.**

United States Court of Appeals,
Seventh Circuit.

Argued July 6, 1994.

Decided Aug. 8, 1994.

Rodger A. Heaton, Asst. U.S. Atty., Springfield, IL (argued), for U.S.

Christopher M. Stone, Chicago, IL (argued), for David Garcia.

Before BAUER, COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

David Garcia entered a guilty plea to a charge of conspiracy to distribute cocaine. Due to a prior state conviction for possession

---

of cocaine, Garcia received a mandatory minimum sentence of twenty years, pursuant to 21 U.S.C. § 841(b)(1)(A). Garcia argues that his state conviction does not constitute a "prior conviction for a felony drug offense," under § 841(b)(1)(A), because it was related to the larger conspiracy to which he pleaded guilty.

## I.

The indictment charged Garcia with conspiring to distribute cocaine from 1987 through at least September 16, 1992. Garcia pled guilty to a conspiracy lasting from "early 1990 through at least September 16, 1992." In calculating Garcia's sentence, the district court found that Garcia had conspired to distribute approximately 132 kilograms of cocaine. The court also considered Garcia's prior conviction for drug-related activity: on October 26, 1990, Garcia was arrested for possessing 3.87 grams of cocaine; his state conviction became final on March 7, 1991. The district court determined that the state conviction was a prior conviction as described in 21 U.S.C. § 841(b)(1)(A), that qualified Garcia for a mandatory minimum sentence of twenty years and imposed a twenty-year sentence.

## II.

■ The statute at issue is the penalty provision contained in 21 U.S.C. § 841. It reads in pertinent part:

> If any person commits [a violation of 21 U.S.C. § 841(a)(1)] *after a prior conviction for a felony drug offense has become final,* such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment.

21 U.S.C. § 841(b)(1)(A) (emphasis added). Garcia argues that his state conviction for possession should not be considered a prior conviction because it was factually related to the federally charged conspiracy. He argues that the 3.87 grams of cocaine for which he was convicted in state court were merely "samples" that he carried in furtherance of the conspiracy for which he was convicted in federal court.

Garcia asserts that, according to *United States v. Blackwood,* 913 F.2d 139 (4th Cir. 1990), if the prior activities are part of the same overall conduct, they should not be counted as prior offenses under § 841(b)(1)(A). In *Blackwood* the question was whether the defendant's two prior convictions should be counted as one for purposes of the mandatory minimum sentence. The convictions resulted from possession of a controlled substance: within a period of two hours drugs were found both in the defendant's truck and in his motel room. In state court the defendant was convicted of two separate offenses, one for possession in the truck and one for possession in the motel. Later, in regard to a conviction in federal court for possession with intent to distribute, the federal judge counted the prior state convictions as one for purposes of enhancement under § 841(b)(1)(A). The court determined that " '[p]rior' or 'previous convictions,' when used for sentence enhancement, means separate criminal episodes, not separate convictions arising out of a single transaction." *Id.* at 146. To be treated as separate convictions the offenses "should have occurred on occasions 'distinct in time.' " *Id.* at 147 (quoting *United States v. Petty,* 828 F.2d 2, 3 (8th Cir.1987)).

More relevant to the case at hand, however, is *United States v. Hughes,* 924 F.2d 1354 (6th Cir.1991), which was relied upon by the court in sentencing Garcia. In *Hughes* the defendant pled guilty to conspiracy to possess with intent to distribute. He argued that his prior state felony drug conviction was for possession of cocaine in connection with the conspiracy to which he pled guilty. The court followed the analysis in *Blackwood* and concluded that, although the prior conviction was related to the conspiracy charge, the convictions were "distinct in time." *Id.* The conspiracy continued for more than nine months after the possession offense occurred and for three months after the conviction became final. The court noted that the purpose of the mandatory minimum is to target recidivism, and the defendant had continued in his unlawful drug-related activity for three months after his conviction was final. *Id.* In a case following *Hughes,* the district court determined that prior state convictions for

possession of a controlled substance should be used to enhance a subsequent sentence for conspiracy to distribute cocaine, despite the defendant's argument that the convictions were part of the ongoing conspiracy. *United States v. Martinez*, 1992 WL 82317, 1992 U.S.Dist. LEXIS 4953 (E.D.Pa. Apr. 13, 1992), *aff'd without op.*, 989 F.2d 489 (3rd Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 2946, 124 L.Ed.2d 693 (1993). The court pointed out that, as in *Hughes*, "the defendant had opportunity after the state felony conviction was finalized to discontinue his involvement in unlawful drug-related activity." *Id.*

Garcia asserts that, although the court in *Hughes* purported to follow *Blackwood*, it did not do so. Garcia does not acknowledge a major distinction between *Hughes* and *Blackwood*. *Blackwood* dealt with two prior convictions, resulting from a single criminal activity, that were considered as one for purposes of enhancement; *Hughes* addressed the relationship between the prior conviction and the conviction for which the defendant was being sentenced. Garcia's case is more similar to *Hughes*. Only one prior conviction, and its relationship to the instant offense, is at issue here. More significantly, in *Blackwood*, the second discovery of drugs occurred before the defendant had an opportunity to cease criminal activity; after the defendant's conviction in *Hughes* was final, the defendant continued to engage in drug-related activity. Likewise, Garcia continued to actively participate in the drug conspiracy for eighteen months after his state conviction became final, regardless of when he entered into the conspiracy.

*United States v. Pace*, 981 F.2d 1123 (10th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993), also supports the district court's judgment. In *Pace* the defendant was convicted of conspiracy to distribute a controlled substance based on twenty alleged overt acts, including five of which he was convicted as substantive offenses. The court rejected the defendant's argument that, because the substantive offenses also were alleged as overt acts in support of the conspiracy, they were not separate criminal episodes. The court noted that "conspiracy is a crime separate from the substantive violation." [1] *See also United States v. De Veal*, 959 F.2d 536, 538 (5th Cir.1992) (rejecting defendant's argument that an earlier state conviction for conspiracy to sell cocaine and the instant conspiracy were all one episode of an ongoing conspiracy for purposes of enhancement under 21 U.S.C. § 960(b)(1)), *cert. denied*, — U.S. ——, 113 S.Ct. 237, 121 L.Ed.2d 172 (1992).

█ Garcia also points to the district court's refusal to count the state conviction as a prior conviction for purposes of calculating his criminal history under the sentencing guidelines [2] and argues that this is inconsistent with considering the conviction for enhancement under § 841(b)(1)(A). The guidelines' provision explicitly states that the enhancement applies to conduct not related to the instant offense. Section 841(b)(1)(A) does not contain a similar provision. It states only that it applies to offenses committed after the prior conviction becomes final and makes no exception for related conduct.

Section 841(b)(1)(A) addresses penalties for convictions arising out of violations committed "after a prior conviction." Although the conspiracy began before the state convicted Garcia for distribution, it continued long after his conviction became final. Many distinct events in furtherance of the conspiracy occurred after Garcia was convicted in state court. Garcia is asking this court to hold that a prior conviction should apply for purposes of the mandatory minimum only if the conspiracy *commences* after the conviction becomes final. Considering that the purpose of the mandatory minimum enhance-

---

**1.** It is established doctrine that a conspiracy to commit a crime is distinct from the crime itself. *United States v. Felix*, — U.S. ——, —— - ——, 112 S.Ct. 1377, 1383–85, 118 L.Ed.2d 25 (1992); *United States v. Bayer*, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

**2.** Section 4A1.2(a) defines prior sentence as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense."

ment is to target recidivism, we believe that it is more appropriate to focus on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began. *Cf. United States v. Belton,* 890 F.2d 9, 10 (7th Cir.1989) ("The [sentencing] guidelines should not be interpreted to give criminals an incentive to enter conspiracies at the earliest possible opportunity."), *cert. denied,* —— U.S. ——, 113 S.Ct. 391, 121 L.Ed.2d 299 (1992). After Garcia's conviction for possession of cocaine became final, he continued to engage in drug-related activities for eighteen months.

The sentence is AFFIRMED.