**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2005[*]
Decided May 20, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Nos. 04-1431 & 04-2132

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee,*<br><br> *v.*<br><br>JOHN S. PENROD and KARLISS LYTTLE,<br> *Defendants-Appellants.* | Appeals from the United States District Court for the Southern District of Illinois<br><br>No. 4:03 CR 40024-008, 006<br><br>J. Phil Gilbert,<br>*Judge.* |

**O R D E R**

John Penrod and Karliss Lyttle were jointly tried before a jury, and both were found guilty of conspiring to distribute more than 50 grams of crack, 21 U.S.C. § 846. In addition Penrod was convicted of four counts of distributing less than 5 grams of crack, and Lyttle was convicted of two counts of the same, 21 U.S.C. § 841(a)(1). Penrod was then sentenced to a total of 384 months' imprisonment and Lyttle to 240 months'. In their consolidated appeals, both challenge their sentences on separate grounds.

---

[*] After an examination of the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* Fed. R. App. P. 34(a)(2).

We begin with Penrod. The district court found that Penrod's relevant conduct involved at least 500 grams but less than 1.5 kilograms of crack cocaine, establishing a base offense level of 36. The court refused to reduce the offense level for acceptance of responsibility, and because there was conflicting testimony as to Penrod's involvement with a sawed-off shotgun, the court also refused to apply a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. However, the court did increase his offense level two points for obstruction of justice after determining that Penrod "gave material and false statements under oath that was more than just a mere denial" of culpability. With a criminal history category of VI, the recommended sentencing range was 360 months' to life, and because of "the defendant's extensive criminal history, his lack of remorse," and "his participation and involvement in this conspiracy" the court sentenced Penrod to two years beyond the recommended guideline minimum.

On appeal, Penrod claims that his Sixth Amendment rights were violated when his sentence was increased on the basis of facts neither admitted nor found by a jury beyond a reasonable doubt. *See United States v. Booker*, 125 S.Ct. 738 (2005). Although Penrod asserts that his claim was preserved in the district court, our review of the record reflects that it was not, and we therefore review his sentence for plain error. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). Here the government concedes that a limited remand is warranted to ask whether the judge would have decreased Penrod's sentence had he known the guidelines were merely advisory. *Id.* at 483-84. We agree and thus, while retaining jurisdiction, direct a limited remand pursuant to the procedure set forth in *Paladino*.

We turn next to Lyttle's sentence. At his sentencing hearing, the district judge determined that the offense conduct involved more than 150 but less than 500 grams of crack, yielding a base offense level of 34. Further, the judge determined that Lyttle possessed a shotgun and increased the offense level by two in accordance with U.S.S.G. § 2D1.1(b)(1). With a criminal history category of I, the guideline range was 188 to 235 months. But Lyttle had been convicted of felony cocaine possession in state court in July 2000, and faced an enhanced mandatory minimum of 240 months' imprisonment based on this prior conviction. 21 U.S.C. §§ 841(b)(1)(A), 851. The judge then sentenced Lyttle to the mandatory minimum.

On appeal, Lyttle challenges only the enhancement for the prior felony drug conviction. He appears to argue that his July 2000 state conviction cannot be used to enhance his sentence because it was a related offense to his 2002 federal drug conspiracy. Although Lyttle concedes that while his prior conviction is technically within the plain language of the enhancement statute and that no precedent supports his position, he asserts that the "spirit" of 21 U.S.C. § 851 prohibits the

use of a state conviction to enhance a sentence if that state conviction is related to the present conviction. But his argument has been previously considered and rejected. *See United States v. Garcia*, 32 F.3d 1017, 1019 (7th Cir. 1994) (holding district court properly enhanced defendant's federal drug conspiracy sentence based on related prior state conviction); *see also United States v. Williams*, 272 F.3d 845, 865 (7th Cir. 2001) (citing *Garcia*). The purpose of § 851 is to target recidivism. *Garcia*, 32 F.3d at 1019-20. Lyttle's current conspiracy continued after his prior felony drug conviction became final and this is precisely the activity the enhancement sought to deter. Lyttle's sentence is therefore AFFIRMED.