# United States Court of Appeals
## For the First Circuit

No. 05-1665

UNITED STATES OF AMERICA,

Appellee,

v.

ERIC LINO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Lipez, and Howard, Circuit Judges.

Christopher R. Goddu, for appellant.
Randall E. Kromm, Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief,
for appellee.

July 12, 2007

**HOWARD, <u>Circuit Judge</u>.** Eric Lino was convicted of one count of conspiring to distribute between 500 grams and five kilograms of cocaine and one count of cocaine distribution, <u>see</u> 21 U.S.C. §§ 846 & 21 U.S.C. § 841(a)(1).  He was sentenced to 144 months of imprisonment.  Lino appeals only from the sentence, and we limit our background discussion accordingly.

At trial, the evidence demonstrated that Lino was part of a cocaine conspiracy that operated in southeastern Massachusetts between June 2001 and June 2003.  The government presented testimony from three of Lino's associates that during the life of the conspiracy each had provided Lino with transportation, so that he could sell cocaine.  There was evidence that Lino conducted between nine and forty transactions per week.  One witness testified to having helped Lino in over one hundred transactions and another stated that he had seen Lino participate in between fifty and one hundred cocaine deals.  The government also introduced evidence of a series of cocaine sales that Lino made to undercover law enforcement officers.

Prior to trial, the government filed an information notifying Lino that it intended to seek an enhanced penalty based on his October 2001 Massachusetts conviction for possession of marijuana and cocaine with the intent to distribute. <u>See</u> 21 U.S.C. § 841(b)(1)(B).  Section 841(b)(1)(B) provides for a mandatory

minimum sentence of five years for conspiring to distribute at least 500 grams and less than 5 kilograms of cocaine. But the penalty increases to a sentence between ten years and life, if the conviction occurred "after a prior conviction for a felony drug offense has become final." Lino objected to the government's reliance on the Massachusetts conviction to trigger this enhancement on the ground that the Massachusetts conviction was "part and parcel" of the overarching conspiracy charged in the federal indictment and thus did not constitute the "distinct criminal episode" necessary to trigger the enhancement.

The presentence report (PSR) concluded that the enhancement applied. The PSR also relied on the Massachusetts drug conviction to calculate Lino's criminal history, which, along with other unrelated convictions, placed Lino into criminal history category V. This history, coupled with an offense level of 30, resulted in an advisory guidelines sentencing range (GSR) of 151 to 181 months.

Lino pursued several objections to the PSR before the district court. He renewed his argument that the Massachusetts drug conviction did not trigger the § 841(b)(1)(B) enhancement. Lino also argued that, under U.S.S.G. § 5G1.3(b), he was entitled to an adjustment in sentence for the time that he had already served on his undischarged thirty-month sentence for the

Massachusetts drug conviction.[1] Finally, he requested a departure or variance from the GSR on the ground that the GSR calculation overstated the seriousness of his criminal history.

The district court rejected Lino's argument against applying the enhancement. The court ruled that, under prevailing precedent, Lino's Massachusetts drug conviction constituted a prior felony drug conviction under § 841(b)(1)(B), even though the conduct underlying the prior conviction occurred during the life of the conspiracy. The court also rejected Lino's argument that his sentence should be reduced to account for the incarceration he served for the Massachusetts drug conviction. Finally, the court concluded that a variance from the GSR was appropriate because the GSR overvalued the seriousness of Lino's criminal history. The court imposed a sentence of 144 months of imprisonment, seven months below the bottom of the GSR.

On appeal, Lino challenges the district court's ruling that his Massachusetts drug conviction was "a prior felony drug conviction," triggering the sentencing enhancement under § 841 (b)(1)(B). As he argued before the district court, Lino contends that where, as here, the prior felony drug conviction was based on one of the transactions that comprised the overarching conspiracy

---

[1]Lino's sentence was undischarged at the time of his federal sentencing because he was not required to serve his state sentence until his probation was revoked as a result of the federal indictment.

there is no basis for an enhancement because the prior conviction does not constitute "a distinct criminal episode." As this argument presents a question of statutory interpretation, we review it de novo. See United States v. Leahy, 473 F.3d 401, 405 (1st Cir. 2007).

The interpretive question presented is whether a drug distribution felony that took place during the course of an ongoing conspiracy is a "prior felony drug conviction" for purposes of the § 841(b)(1)(B) enhancement where the conspiracy continued after the prior conviction. We considered this question in United States v. De Jesus Mateo, 373 F.3d 70, 74 (1st Cir. 2004). There, we observed that "prior felony drug convictions will be counted separately for purposes of 21 U.S.C. § 841(b) only when they represent distinct criminal episodes." Id. But we further explained that "an ongoing course of criminal conduct such as narcotics trafficking may involve many such criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a single criminal episode." Id. (quoting United States v. Martinez-Medina, 279 F.3d 105, 123 (1st Cir. 2002)). A prior drug conviction constitutes a "distinct criminal episode" sufficient to trigger the enhancement so long as the defendant continued to participate in drug activity after the conviction became final. See also United States v. Martino, 294

-5-

F.3d 346, 350-51 (2d Cir. 2002); United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997); United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995); United States v. Garcia, 32 F.3d 1017, 1019 (7th Cir. 1994).

Thus, in De Jesus Mateo, the prior felony drug convictions, which occurred in 1991, were distinct criminal episodes because the evidence established the defendant's participation in the conspiracy through 1997. The same analysis applies here. Lino pleaded guilty to drug distribution in Massachusetts state court in October 2001, but continued to engage in the drug conspiracy until his arrest in 2003. Accordingly, the district court correctly applied circuit precedent in concluding that Lino's prior Massachusetts drug felony conviction triggered the § 841(b)(1)(B) enhancement.

Nevertheless, Lino argues that we should overrule De Jesus Mateo. As a panel of this court, absent unusual circumstances not present here, we may not do so. See United States v. Allen, 469 F.3d 11, 17-18 (1st Cir. 2006). That aside, we continue to think that De Jesus Mateo was properly decided. Our approach of focusing on the defendant's continued participation in the conspiracy after being convicted of a drug felony is consistent with furthering the sentencing enhancement's purpose of punishing recidivism. See Martino, 204 F.3d at 351. Indeed, if the rule advocated by Lino were adopted, we would "insulate the very career

criminals the [enhancement] is designed to reach -- those continuously engaged in criminal conduct." Martinez-Medina, 279 F.3d at 123. This we are quite unwilling to do.[2]

Next, Lino contends that the district court erred in declining to credit him with time he had already served on his undischarged sentence for his Massachusetts drug conviction under U.S.S.G. § 5G1.3(b). Section 5G1.3(b) of the November 2003 Guidelines (the version under which Lino was sentenced) provides:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and . . . was the basis for an increase in the offense level for the instant offense under Chapter Two

---

[2]Lino also claims that the sentencing enhancement could not be applied to him because the prior conviction was not pleaded in his indictment. This argument was not raised below and thus is subject to plain error review, which requires Lino to show a clear error that affected his substantial rights and that undermined the fairness integrity, or public reputation of the judicial proceeding. See United States v. Gilman, 478 F.3d 440, 445 (1st Cir. 2007). We have repeatedly rejected this very argument and do so again here. See, e.g., United States v. Ivery, 427 F.3d 69, 75 (1st Cir. 2005).

Lino further contends that the enhancement was erroneously applied because the judge improperly usurped the jury's function of deciding whether there, in fact, had been a prior drug conviction and whether that conviction met the criteria for a "felony drug offense" and a "distinct criminal episode." This argument too was not raised before the district court and is thus reviewed for plain error. We bypass the merits because Lino has made no argument that he was prejudiced by the judge making the findings relevant to the enhancement, and, moreover, the materials in the record concerning the prior conviction demonstrate that these issues were not open to any real dispute. Thus, relief under the plain error standard is unavailable. See Johnson v. United States, 520 U.S. 461, 470 (1997) (denying plain error relief where trial judge committed clear error by removing an issue from jury consideration because there was no showing of prejudice).

(Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determined that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

Thus, § 5G1.3(b) provides for an adjustment in sentence only where the undischarged sentence was (1) for a crime that constitutes relevant conduct for the instant offense and (2) was the basis for an increase in the offense level for the instant offense under Chapters Two or Three of the Guidelines. United States v. Lozano, 486 F.3d 446, 448-49 (8th Cir. 2007) (stating that both conditions must be met to trigger an adjustment under § 5G1.3(b)(1)).

The second precondition is not met here. An adjustment under § 5G1.3(b) is not triggered "by the mere fact [that] the federal conspiracy charged encompassed a time period during which the state offense occurred," where the state offense had no effect on the defendant's offense level for the federal conviction. United States v. Hurley, 439 F.3d 955, 957 (8th Cir. 2006). Lino concedes that "the crime for which [he] was serving a state sentence [did] not result in an increase to his offense level." Thus, the district court correctly concluded that Lino was not entitled to an adjustment under § 5G1.3(b).

Lino argues, however, that he is entitled to the adjustment because the Massachusetts drug offense was used to

increase his criminal history category. In so doing, he relies on United States v. Caraballo, 200 F.3d 20, 27 (1st Cir. 1999), where we stated that U.S.S.G. §5G1.3(b) was triggered by a prior offense that was relevant conduct to the instant offense and increased the defendant's offense level or criminal history category. This reliance is misplaced. In Caraballo, we were interpreting the version of § 5G1.3(b) in existence prior to its amendment in 2003. That version provided for an adjustment where the earlier offense had "been fully taken into account" in the determination of the instant offense. The meaning "of fully taken into account" had divided the courts of appeals, compare, e.g., United States v. Garcia-Hernandez, 237 F.3d 105, 109 (2d Cir. 2000), with, e.g., United States v. Fuentes, 107 F.3d 1515, 1524 (11th Cir. 1997). Caraballo provided our interpretation of this ambiguous language.

But in 2003, the Sentencing Commission amended the Guidelines to resolve this ambiguity. See U.S.S.G. Appx. C, Amend. 660 (2003). As explained above, under the new version of §5G1.3(b), the prior offense must have increased the defendant's offense level for the instant offense under Chapter Two or Chapter Three of the Guidelines. The defendant's criminal history category is provided for under Chapter Four of the Guidelines, and thus an increase in the criminal history category is not a basis for triggering a § 5G1.3(b) adjustment.

Finally, Lino contends that the sentence imposed was unreasonable because the district court failed to appreciate the advisory nature of the guidelines and did not consider whether to vary from the GSR to account for the time that he already served in Massachusetts custody for his prior drug conviction.

This argument fails. The district court stated several times throughout the sentencing hearing that the guidelines were advisory. It also closely followed the procedure for imposing sentence under the advisory guidelines regime set forth in United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), by calculating the GSR, then "determin[ing] whether the factors identified by either side warrant[ed] an ultimate sentence above or below the" GSR.

The district court imposed a sentence below the GSR based on its conclusion that the GSR overstated the seriousness of Lino's criminal history. Lino never argued to the district court that a larger variance was warranted to account for the time served in state custody; he made this argument only as it pertained to the calculation of the GSR. District judges are not mindreaders; the party seeking a variance must state clearly the reasons supporting the request. Id. Lino did not do so and thus cannot complain now.

Moreover, after the district court pronounced sentence, Lino's counsel observed that the federal sentence of 144 months, added to the Massachusetts sentence of thirty-months, resulted in

a total prison term near the top of the GSR.  The district court stated that it would not change the sentence on this basis.  To the extent that this was intended to be an argument for a further variance from the GSR based on Lino's sentence for the Massachusetts drug conviction -- a doubtful proposition -- the district court reasonably rejected it.

**Affirmed**.