NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3090

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> VICTOR THOMPSON, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 CR 263-1 <br><br> Rebecca R. Pallmeyer, <br> *Judge*. |

**ORDER**

Victor Thompson pleaded guilty to conspiring to distribute cocaine, heroin, and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 340 months' imprisonment and 10 years' supervised release. He filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Thompson opposes the motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified by counsel's facially adequate brief and Thompson's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel does not say whether he spoke to Thompson about challenging the guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), and Thompson is silent about the plea in his Rule 51(b) response. Yet counsel's omission does not require that we deny the *Anders* motion. The transcript of the plea colloquy confirms that the district court accepted Thompson's guilty plea only after substantially complying with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The district court explained to Thompson the rights he would relinquish by pleading guilty, warned him of the consequences of his guilty plea, ensured that the plea was voluntary, and determined that there was a factual basis for the plea. *See* FED. R. CRIM. P. 11(b). On the present record, it would be frivolous for Thompson to challenge the voluntariness of his guilty plea.

Counsel does consider whether the district court properly applied the sentencing guidelines, but concludes that any challenge on this basis would be frivolous. Thompson had objected to the sufficiency of the facts relied on by the presentence investigation report to establish the scope of the conspiracy, the quantity of drugs involved, and Thompson's role, but counsel properly disavows those objections on appeal as frivolous in light of additional evidence the government supplied before sentencing.

Counsel and Thompson both consider reprising on appeal an objection to the use of Thompson's prior state conviction for a felony drug offense to increase the statutory-minimum term of imprisonment from 10 to 20 years, and supervised release from 5 to 10 years. *See* 21 U.S.C. § 841(b)(1)(A). That prior offense was also part of the conspiracy for which Thompson was being sentenced and thus, in Thompson's words, did an impermissible "double duty." In his *Anders* brief counsel correctly rejects the argument as frivolous, because when a defendant continues to conspire after a factually related conviction becomes final, as here, that conviction may nonetheless be used to increase statutory-minimum penalties for the conspiracy offense. *United States v. Alden*, 527 F.3d 653, 663–64 (7th Cir. 2008) (applying 21 U.S.C. § 841); *United States v. Garcia*, 32 F.3d 1017, 1019–20 (7th Cir. 1994) (same).

Thompson also proposes arguing that the district court lacked jurisdiction because he committed his crimes on state land, not a federal enclave. But we have repeatedly rejected this argument and its many variants. *See, e.g., Stuart v. Rech*, 603 F.3d 409, 412 (7th Cir. 2010); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (characterizing similar argument as "frivolous squared").

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.