NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2013
Decided February 3, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 12-3286 & 12-3347

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-10015 |
| SHELLY L. SIDELL and LLOYL A. TENNISON, *Defendants-Appellants*. | Joe Billy McDade, *Judge.* |

## O R D E R

Lloyl Tennison and Shelly Sidell pled guilty without plea agreements to conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Tennison was sentenced to twenty years in prison and Sidell to ten years. Tennison appeals his sentence, arguing that we should overturn circuit precedent concerning a prior felony drug conviction that was applied to raise his sentencing range. We disagree with that contention and affirm his sentence. Sidell's appointed lawyer has

concluded that her appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion to withdraw and dismiss Sidell's appeal.

The indictment alleges that Tennison and Sidell were part of a conspiracy running from "early 2009" until they and their five codefendants were indicted at the beginning of 2012. During that period, in February 2009, Tennison was charged in state court with possessing material used to manufacture methamphetamine. See 720 ILCS 646/30. He pled guilty to that offense and was sentenced to a brief jail term and probation. Otherwise, as far as the record shows, Tennison and Sidell did not join the conspiracy until December 2010 when they first allowed the other members to manufacture methamphetamine at their shared residence. For about six months, Tennison and Sidell supplied pseudoephedrine pills that were used to manufacture methamphetamine at their house. In return they received a share of the finished product. During this period, Tennison also stored on his property a tank of anhydrous ammonia that was used to make methamphetamine.

In April 2011, Tennison learned to manufacture small amounts of methamphetamine. From then until his arrest in February 2012, he cooked methamphetamine on his own. Sidell supplied him with pseudoephedrine during most of this period.

The indictment alleges that the conspiracy involved 500 grams or more of a mixture containing methamphetamine. That quantity is enough to mandate a statutory minimum prison term of ten years or, if the defendant has one prior conviction for a felony drug offense, twenty years. 21 U.S.C. § 841(b)(1)(A). We consider first Tennison's appeal.

Tennison objects to his sentence of twenty years, which the district court found was the applicable mandatory minimum. Tennison does not dispute that the conspiracy involved at least 500 grams of a mixture containing methamphetamine. Nor does he dispute that his Illinois conviction in 2009 for possessing materials used to manufacture methamphetamine is a felony drug offense for purposes of § 841(b)(1). See 21 U.S.C. § 802(44) (defining "felony drug offense"). That conviction raised his mandatory minimum sentence from ten to twenty years. But Tennison argues that the state conviction was not "prior" to his federal conspiracy conviction, as required to trigger the twenty-year minimum because the state offense was committed as part of the conspiracy charged in federal court. He makes this claim even though no evidence in the record linked him to the conspiracy before December 2010, and he did not make any effort in the district court to establish that his 2009 state offense involved any of his co-conspirators named in the federal indictment. As Tennison recognized, though, it would do him no good to establish

a factual relationship between the two crimes because, even if there is one, his argument that the state conviction is not a "prior conviction" is foreclosed by *United States v. Garcia*, 32 F.3d 1017, 1019–20 (7th Cir. 1994), which held that if any of the defendant's criminal conduct in the federal offense occurred after the earlier conviction, that conviction qualifies as a prior conviction for purposes of § 841(b)(1). The district court adhered to *Garcia* and sentenced Tennison to twenty years in prison.

Tennison argues that *Garcia* should be overruled and that he should be sentenced without the twenty year mandatory minimum. We reject the argument for both factual and legal reasons. As a matter of fact, the record does not support Tennison's premise that the state offense occurred during and as part of the federally-charged conspiracy, so he could not prevail even if *Garcia* did not stand in the way. See *United States v. Alden*, 527 F.3d 653, 663–64 (7th Cir. 2008) (rejecting similar claim because defendant incorrectly asserted that "prior conviction" overlapped with offense of conviction). The state conviction was for conduct in 2009, and the evidence set forth in the federal case indicates that Tennison joined the charged conspiracy only in 2010.

As a matter of law, we see no persuasive reason to overrule *Garcia*, where we explained that the purpose of the statutory enhancement "is to target recidivism," and thus "it is more appropriate to focus on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began." 32 F.3d at 1019–20. In the years since *Garcia* was issued, we have applied its holding consistently. See *Alden*, 527 F.3d at 664; *United States v. Penrod*, 133 F. App'x 327, 329 (7th Cir. 2005); *United States v. Williams*, 272 F.3d 845, 865 (7th Cir. 2001); *United States v. Richardson*, 130 F.3d 765, 780 (7th Cir. 1997), *vacated on an unrelated ground*, 526 U.S. 813 (1999); see also *United States v. Thompson*, 504 F. App'x 512, 513 (7th Cir. 2013) (concluding in *Anders* context that potential claim like Tennison's would be frivolous). As far as we know, no circuit disagrees with the outcome or reasoning of *Garcia*. See *United States v. Moody*, 564 F.3d 754, 759 & n.5 (5th Cir. 2009); *United States v. Lino*, 493 F.3d 41, 43 (1st Cir. 2007); *United States v. Martino*, 294 F.3d 346, 350 (2d Cir. 2002); *United States v. Johnston*, 220 F.3d 857, 862 (8th Cir. 2000); *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997); *United States v. Hansley*, 54 F.3d 709, 717 (11th Cir. 1995); *United States v. Hughes*, 924 F.2d 1354, 1361–62 (6th Cir. 1991).

Tennison insists that the *Garcia* approach "is not unanimous" and should be reconsidered. What he really means is that the First, Sixth, and Eighth Circuits define "prior conviction" in words different from ours in *Garcia*. Those circuits all say that a conviction is "prior" for purposes of § 841(b)(1) only if the underlying conduct can be characterized

as a "separate" or "distinct" "criminal episode." See *Lino*, 493 F.3d at 43; *Johnston*, 220 F.3d at 862; *Hughes*, 924 F.2d at 1361. An episode, according to the Sixth and Eighth Circuits, is a "punctuated occurrence with a limited duration" that is "part of a series, but forms a separate unit within the whole." *Hughes*, 924 F.2d at 1361; see *United States v. Gray*, 152 F.3d 816, 822 (8th Cir. 1998), quoting *Hughes*. The First Circuit has used similar language but clarified that conduct underlying a prior conviction constitutes a "distinct criminal episode" so long as "the defendant continued to participate in drug activity after the conviction became final." *Lino*, 493 F.3d at 43; see also *United States v. De Jesus Mateo*, 373 F.3d 70, 74 (1st Cir. 2007), citing *Gray*, 152 F.3d at 821–22. This succinct translation coincides with what we said in *Garcia* but without the "separate episode" language. No circuit requires that the earlier conviction have been for conduct "distinct in time from the conduct on which the defendant is being sentenced," as Tennison argues. As best we can tell, no circuit would reject the district court's conclusion that his state conviction was "prior" to the federal conspiracy.

Tennison's other points about *Garcia* have no merit. He contends that the *Garcia* approach is wrong because it fails to acknowledge the harshness of his federal sentence relative to the lenient treatment he received in state court for a crime he describes as "not appreciably different" from his federal offense. The argument that it's unfair to impose a lengthy federal sentence on a defendant who received light punishment for similar state crimes is a non-starter. *E.g.*, *United States v. Block*, 705 F.3d 755, 762 (7th Cir. 2013). The same is true for Tennison's assertion that *Garcia* is undermined by *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that the rights to trial by jury and proof beyond a reasonable doubt, as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), apply to facts triggering a statutory minimum penalty. *Alleyne*, 133 S. Ct. at 2155. *Apprendi* and its progeny have recognized an established exception for enhancements based on prior convictions. See 530 U.S. at 490; see also *Almendarez-Torres v. United States*, 523 U.S. 224, 230–32 (1998). *Alleyne* left that exception intact. 133 S. Ct. at 2160 n.1.

So we affirm Tennison's sentence of twenty years. We turn now to Sidell's appeal. At her change-of-plea hearing in May 2012, the district court established a factual basis for the guilty plea by questioning her about her role in the conspiracy and asking the government to describe the evidence it would have presented at trial. Sidell admitted supplying pseudoephedrine to her co-conspirators but said she did not "believe personally that I am—knew anything about 500 grams" being manufactured. She acknowledged uncertainty about the actual amount, however, and conceded that 500 grams "probably" could have been involved if the actions of every co-conspirator were taken into account. The district court told Sidell that the drug quantity would be determined at sentencing.

The probation officer estimated that easily more than 500 grams of methamphetamine had been manufactured by the conspirators and that Sidell's direct involvement made her personally accountable for approximately 541 grams. The base offense level under the Sentencing Guidelines for that quantity is 32. See U.S.S.G. § 2D1.1. To this figure the probation officer added three levels because producing methamphetamine is hazardous to other persons and the environment, see *id.* § 2D1.1(b)(13)(C), and subtracted three levels because of Sidell's minimal role, *id.* § 3B1.2, and three more levels for her acceptance of responsibility, *id.* § 3E1.1. With her two criminal history points assessed for state convictions for driving under the influence and obstruction of justice, Sidell would have faced a guidelines imprisonment range of 97 to 121 months if not for the statutory minimum. She did not object to the presentence report, which the district judge adopted without change. The judge expressed sympathy for Sidell but noted that he was required to impose at least ten years in prison.

Sidell filed an appeal, but her lawyer filed an *Anders* motion to dismiss the appeal because he perceived no non-frivolous grounds for appeal. We invited Sidell to comment on that motion, but she has not responded. See Cir. R. 51(b). Our review is limited to the issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Sidell has told counsel that she is satisfied with her guilty plea, so the brief appropriately omits discussion of the plea colloquy and the voluntariness of Sidell's plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). In his *Anders* submission, counsel questions whether Sidell could contest the application of the ten-year statutory minimum based upon *Alleyne.* Counsel also questions whether Sidell could dispute the district court's Sentencing Guideline determinations of drug quantity, the three-level increase given because methamphetamine production is hazardous, and her criminal history score. According to counsel, all potential sentencing claims would be frivolous because, in counsel's view, Sidell waived them by not objecting in the district court. Counsel is incorrect about waiver; a failure to object results in forfeiture, not waiver, and allows for plain-error review. See, *e.g.*, *United States v. Allen*, 529 F.3d 390, 394–95 (7th Cir. 2008); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005).

Sidell was sentenced at the statutory minimum, so unless she has a non-frivolous claim under *Alleyne*, the guideline calculations are irrelevant. After *Alleyne* the government no longer can benefit from the enhanced penalties in § 841(b)(1) for drug type and quantity unless, as a general proposition, it alleges those facts in the indictment and the facts are

either admitted or proved to a jury beyond a reasonable doubt. See *United States v. Dumes*, 313 F.3d 372, 385 (7th Cir. 2002); *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001). Here, drug type and quantity were alleged in the indictment, and by pleading guilty Sidell waived her right to a jury determination of those facts. See *United States v. Roche*, 415 F.3d 614, 617 (7th Cir. 2005); *United States v. Parker*, 245 F.3d 974, 977 (7th Cir. 2001). But she did not waive her right to have drug type and quantity established beyond a reasonable doubt. A guilty plea admits the essential statutory elements of a crime, *United States v. Dean*, 705 F.3d 745, 747 (7th Cir. 2013); *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012), but the type and quantity of a controlled substance are not statutory elements and thus are not necessarily admitted by a guilty plea. See *United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009); *United States v. Bryant*, 557 F.3d 489, 493 & n.4 (7th Cir. 2009); *United States v. Martinez*, 518 F.3d 505, 509 (7th Cir. 2008); *Bjorkman*, 270 F.3d at 492.

A defendant's admission in a plea agreement, during the plea colloquy, or even at sentencing can remove a fact from dispute since an "admission is even better than a jury's finding beyond a reasonable doubt." *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); see, *e.g.*, *United States v. Wallace*, 276 F.3d 360, 369 (7th Cir. 2002). In this case Sidell said enough during the plea colloquy and during discussions with the probation officer to have admitted that the conspiracy involved methamphetamine.

The real question is about quantity, but Sidell's failure to object to the PSR dooms any potential claim she might have regarding the amount of methamphetamine for which she could be held responsible. The failure of the district court to find that quantity beyond a reasonable doubt was, in the wake of *Alleyne*, an error, see *United States v. Kirklin*, 727 F.3d 711, 717–18 (7th Cir. 2013), but we will correct plain errors only if they result in a miscarriage of justice, *id.* at 718; *United States v. Nance*, 236 F.3d 820, 825–26 (7th Cir. 2000); see also *United States v. Adkins*, No. 12-3739, — F.3d —, —, 2014 WL 325254, at *10 (7th Cir. Jan. 30, 2014) (finding no plain error under *Alleyne* where drug quantity not in serious doubt). No miscarriage of justice results when the evidence regarding quantity is "essentially uncontroverted," as it was here. See *United States v. Cotton*, 535 U.S. 625, 633 (2002), quoting *Johnson v. United States*, 520 U.S. 461, 470 (1997).

When faced with the probation officer's conclusion that her involvement in the conspiracy made her personally responsible for 541 grams of methamphetamine, Sidell did not dispute that weight or offer competing evidence calling it into question. See *United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013) (district court may rely on information in PSR that is well-supported and appears reliable); *United States v. Davis*, 682 F.3d 596, 613 (7th Cir. 2012) (same). And five of Sidell's co-conspirators admitted that at least 500 grams

of a methamphetamine mixture were produced in furtherance of the conspiracy, while the presentence report suggests that the actual amount produced was actually much greater. Thus, although Sidell never directly admitted that the conspiracy involved a particular quantity of methamphetamine, the evidence of quantity was essentially uncontroverted. Any appellate claim that the district court committed plain error by not anticipating *Alleyne* and applying a higher standard of proof would therefore be frivolous.

Tennison's conviction and sentence are **AFFIRMED**. The motion to withdraw filed by counsel for Sidell is **GRANTED**, and her appeal is **DISMISSED**.