# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3169

_____

United States of America,

        Appellee,

v.

Bobby T. McCarther,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of Nebraska.
\*
\*
\*

_____

Submitted: October 23, 2009
Filed: March 3, 2010

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Bobby McCarther appeals from his life sentence following his guilty plea to conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 & 846. McCarther argues that the district court[1] erred in not granting his motion to sever a firearm charge from the second superseding indictment, improperly enhanced his sentence based on two prior drug crimes, and wrongly calculated the base offense level. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## I.   BACKGROUND

McCarther was involved in an extensive drug dealing conspiracy in Nebraska that spanned from the beginning of 1996 through November 2007.  During a May 2007 search of one of the homes used to distribute crack cocaine, Omaha police officers arrested McCarther on an outstanding warrant, recovered more than $38,000 of currency, found a scale with cocaine residue on it, and discovered a .357 magnum revolver.  McCarther was charged in a second superseding eight-count indictment which included the conspiracy to distribute cocaine base charge, forfeiture and firearm possession charges, and a charge for using, possessing and discharging a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The § 924(c) charge resulted from an incident wherein a man was shot and killed in the parking lot of an Omaha nightclub.  Eyewitness and other physical evidence pointed to McCarther as the shooter.  A witness speculated that the shooting was in retaliation for stolen drug proceeds.

Prior to entering his guilty plea, McCarther sought to have the § 924(c) charge (Count II) severed from the remaining counts.  McCarther argued that Count II was actually a homicide charge that had no connection to the drug conspiracy.  McCarther also asserted that he wished to exercise his right to testify with regard to Count II, but not the remaining counts.  The district court denied the motion, and McCarther eventually pleaded guilty to the conspiracy and forfeiture charges.  All of the firearms charges, including the charge McCarther hoped to have severed, were dismissed as part of the plea agreement.

Pursuant to 21 U.S.C. § 851,[2] the government gave the district court and McCarther notice of its intention to seek a life sentence on the basis of McCarther's

---

[2]21 U.S.C. § 851 is the procedural tool for imposing the mandatory minimum sentences contained in 21 U.S.C. § 841.

two prior drug convictions.  See 21 U.S.C. § 841(b)(1)(A) (imposing a mandatory life sentence when a defendant is convicted of a qualifying drug offense and has at least two prior drug convictions).  At sentencing, McCarther argued that since the prior offenses occurred during the course of the conspiracy, they should not be counted as prior convictions for purposes of the statutory sentencing enhancement.  The district court rejected this argument and sentenced McCarther to life in prison.  McCarther appeals, challenging the district court's refusal to sever, the use of the prior offenses to enhance his sentence, and the drug quantity calculation of 4.5 kilograms of cocaine base that resulted in a base offense level of 38.

## II.     DISCUSSION

### A.      Joinder/Severance

McCarther argues that the government[3] included Count II in the second superseding indictment only after the initial plea agreement fell through, when in fact the nightclub parking lot incident was completely unrelated to the drug conspiracy.  On this basis, and because he wanted to testify about Count II, McCarther sought to have the charge severed.

---

[3]Because Count II was ultimately dismissed as part of the guilty plea, the government asserts that the joinder/severance issue is moot.  However, the district court decided the motion to sever prior to McCarther's decision to plead guilty.  McCarther did not waive his appellate rights and, indeed, "expressly reserve[d] his Federal rights to appeal with respect to . . . rulings on the Defendant's pre-trial motions."  Plea Agreement at ¶ 13.  If we were to grant McCarther relief on this issue, the guilty plea could be revisited, though McCarther might or might not be successful in that endeavor.  Cf. United States v. Morgan, 958 F.2d 847, 849-50 (8th Cir. 1992) (holding that district court did not err in refusing to allow withdrawal of guilty plea after two of the original counts were invalidated because there was no evidence these counts were "'a' or 'the' motivating factor" in the defendant's decision to plead guilty).  Accordingly, we address the issue.

We begin by considering whether the counts were initially misjoined, a matter which we review de novo. United States v. Liveoak, 377 F.3d 859, 864 (8th Cir. 2004). Joinder is permitted subject to the strictures of Rule 8 of the Federal Rules of Criminal Procedure, which provide that different offenses may be joined when the offenses are similar in character, based on the same transaction, or are connected as part of a common scheme or plan. Fed. R. Crim. P. 8(a). The rule is broadly construed in favor of joinder to promote judicial efficiency. United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005).

The offenses were properly joined pursuant to Rule 8. Despite McCarther's argument that Count II was essentially a homicide charge, Count II was in fact a charge for using, possessing and discharging a firearm in furtherance of a drug trafficking offense, a crime necessarily connected to the drug trafficking conspiracy allegation. A conviction for the § 924(c) charge requires proof of the drug trafficking conspiracy. United States v. Saddler, 538 F.3d 879, 888 (8th Cir.), cert. denied, 129 S. Ct. 770 (2008). McCarther stakes his argument on the fact that at sentencing, the district court found that the government did not prove the homicide was connected to the conspiracy by a preponderance of the evidence for purposes of setting the base offense level. However, this fact is inapposite in determining whether the offenses were properly joined at the outset. The government is not required to put on a full court press on the evidence at a pretrial motion hearing. As charged, the firearm count was dependent upon the conspiracy count. Testimony during the sentencing hearing revealed that the government had received information that McCarther killed someone in retaliation for stolen drug proceeds. The counts were not improperly joined at the outset simply because the government was not ultimately able to convince the district court at sentencing that the discharge of the firearm and the drug conspiracy were related for purposes of the Guidelines' calculation.

McCarther's better argument is that although properly joined, joinder was prejudicial and the district court should have severed the charges. His burden here is

greater, however. Federal Rule of Criminal Procedure 14 provides relief from joinder, even when joinder was appropriate under Rule 8(a). United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). We review the district court's severance decision for an abuse of discretion, and only reverse when the denial resulted in severe prejudice to the defendant. United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008). No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other. United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Finally, there is a strong presumption against severing properly joined counts. United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005).

McCarther cannot overcome the strong presumption in favor of joinder in this case. There was no prejudice because evidence from the conspiracy would have been admissible, and in fact necessary, as part of the proof of this particular firearm charge. Saddler, 538 F.3d at 888. And evidence from the § 924(c) case likely would have been admissible in the conspiracy case as one of the overt acts taken during the course of the conspiracy. Accordingly, severe prejudice[4] did not result from the district court's refusal to sever the counts. See United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984) (holding that where evidence of one crime is probative and admissible

---

[4]Another oft-used test for "severe prejudice" in the severance context is that the defendant cannot establish severe prejudice unless he can show he would have had an appreciable chance for an acquittal at a severed trial. Taken Alive, 513 F.3d at 902. We find it analytically difficult to apply this particular test in the guilty plea context, however, because we do not have the benefit of evidence presented at a trial, as a reviewing court normally would. Based upon the evidence at the sentencing hearing, the facts contained in the plea agreement, and the information set forth in the Presentence Investigation Report (PSR), we agree with the government that McCarther would have difficulty showing that he had an appreciable chance of acquittal on either charge at severed trials, notwithstanding the district court's finding at the sentencing hearing. The government's efforts at a two-hour sentencing hearing to establish a base offense level (knowing that a statutory life sentence is mandated) likely do not reflect what would have occurred at a full-blown trial on the charge. Nonetheless, we do not decide the issue on this basis.

at a separate trial for the other crime, there is no additional prejudice if the crimes are tried together).

McCarther asserts that he was prejudiced by joinder because he wished to testify regarding Count II, but wished to remain silent with regard to the remaining counts. A defendant arguing for severance on this basis must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988). Our review of the motion transcript reveals that McCarther simply argued to the district court that he wished to testify about Count II, but not the others, and did not disclose his proffered testimony or give reasons why he did not want to testify with regard to the remaining counts. This, of course, was not adequate to meet his burden of making a persuasive and detailed showing on the issue. See United States v. Redding, 16 F.3d 298, 300-01 (8th Cir. 1994) (holding that defendant did not meet the "persuasive and detailed" burden where proffered testimony was not sufficiently detailed and his reasons for not testifying about the remaining counts were not persuasive). Accordingly, we affirm the district court's refusal to sever Count II from the superseding indictment.

### B.    Prior Offenses

McCarther next argues that the district court erred by applying a sentencing enhancement based upon two prior drug offenses. 21 U.S.C. § 841(b)(1)(A) provides that when a defendant is found to have committed one of the enumerated drug offenses after having been convicted of two previous felony drug offenses, the defendant is subject to a mandatory life sentence. McCarther does not dispute that he was convicted of the two prior drug offenses in question, but he does challenge whether these particular offenses can be used to enhance his sentence pursuant to §§ 841(b)(1)(A) & 851. We review this issue de novo. United States v. Funchess, 422 F.3d 698, 703 (8th Cir. 2005).

-6-

McCarther contends that because the prior convictions became final in 2000, during the time span of the conspiracy, the convictions should not be used to enhance his sentence. As an initial matter, McCarther acknowledges that our current case law is not in his favor. We have held in numerous cases that where the charged conspiracy began before and continued after a defendant's qualifying felony drug conviction, the felony drug conviction may be considered a "prior" conviction for purposes of applying the § 841 enhancement so long as the defendant committed an overt act in furtherance of the conspiracy after the date of the conviction. See United States v. Pratt, 553 F.3d 1165, 1169-70 (8th Cir. 2009); Funchess, 422 F.3d at 703; United States v. Titlbach, 339 F.3d 692, 697 (8th Cir. 2003). McCarther committed overt acts in furtherance of the conspiracy after these two convictions became final in 2000, as evidenced by the May 2007 search of the house where McCarther was arrested.

McCarther attempts to distinguish the Titlbach line of cases by noting that these cases contain no discussion about whether the prior offenses were *part* of the conspiracy, even though they occurred during the time frame of the conspiracy. McCarther emphasizes the fact that the two convictions at issue were included in the criminal history calculation in the PSR, and were considered part of McCarther's relevant sentencing conduct in the PSR. We agree with McCarther that there is no discussion in the Titlbach line of cases about whether the prior offenses were actively a part of the conspiracy being sentenced. However, we find it immaterial that these prior offenses were considered by the probation officer when computing criminal history points and detailing relevant conduct for purposes of compiling the PSR. This is because in this particular statutory situation, the Guidelines' computation in the PSR is irrelevant. If a defendant is found to have committed one of the enumerated drug offenses (here, the conspiracy), after having been convicted of two previous felony drug offenses, the defendant is statutorily subject to a mandatory life sentence, regardless of any Guideline calculations. Congress intended to target recidivism with the mandatory minimums found in § 841. United States v. Moody, 564 F.3d 754, 759

(5th Cir.), <u>cert. denied</u>, 129 S. Ct. 2756, and <u>cert. denied sub nom.</u>, <u>Hines v. United States</u>, 130 S. Ct. 315 (2009). If we accepted McCarther's argument, it would perversely allow a defendant to effectively circumvent congressional intent by participating in a particularly long conspiracy and negating convictions that occurred earlier in the conspiracy for purposes of the statutory enhancement.

Our sister circuits are in accord. Other circuits have held that prior offenses that are part of the same conspiracy being sentenced can be used for § 841 enhancement. <u>E.g.</u>, <u>Moody</u>, 564 F.3d at 759 & n.5 (collecting cases); <u>United States v. De Jesus Mateo</u>, 373 F.3d 70, 74 (1st Cir. 2004) (applying the mandatory life sentence enhancement for priors which occurred during the same conspiracy). In <u>De Jesus Mateo</u>, the First Circuit rejected a defendant's argument, similar to McCarther's, that conduct which would normally be grouped as "related" for Guidelines' purposes should not be considered separate prior offenses under § 841(b)(1)(A). The court noted that the Guideline analysis was completely separate from the statutory question of whether a defendant has committed prior offenses. <u>De Jesus Mateo</u>, 373 F.3d at 74. Furthermore, the court also rejected the defendant's argument that several offenses committed during the same conspiracy could not be distinct criminal episodes. <u>Id.</u> at 74-75.

In <u>Moody</u>, the Fifth Circuit noted that the purpose of the mandatory minimum enhancement was to target recidivism, and accordingly, it was not only proper but fitting to focus upon a defendant's criminal activity that occurs after a conviction. <u>Moody</u>, 564 F.3d at 759. "A defendant should not benefit in sentencing because he continued in a criminal enterprise *even after he was already arrested and convicted for the same enterprise.*" <u>Id.</u> (emphasis in original). Likewise, we affirm our prior circuit precedent and hold that prior convictions may be considered for the § 841 enhancements even when the conduct underlying the convictions was part of the conspiracy, so long as an overt act in furtherance of the conspiracy occurred after the

-8-

date the convictions became final. Accordingly, we reject McCarther's arguments on this point.

## C.    **Base Offense Level**

McCarther's final argument is that the district court erred in setting his base offense level at 38 based upon a drug quantity of 4.5 kilograms of cocaine base. McCarther maintains there was insufficient evidence of any drug quantity attributable to him other than the 50 grams to which he pleaded guilty, and points to the fact that there was scant testimony on this issue presented at the sentencing hearing. However, McCarther concedes that the district court had no option other than to sentence him to life imprisonment pursuant to § 841(b)(1)(A) once the prior convictions were established. As earlier noted, the Guidelines-calculated base offense level is immaterial due to the statutory mandatory life sentence. Accordingly, because we have rejected McCarther's prior drug offense argument, this issue is moot.

## III.    CONCLUSION

We affirm the district court.

_____